UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIACHESLAV OLEKSANDROVYCH SHLAPATSKYI,<br><br>    Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC, et al.,<br><br>    Defendants. | Case No. 26-cv-00279-RFL<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION; SCREENING CASE PURSUANT TO 28 U.S.C. § 1915; AND ORDERING SERVICE OF SUMMONS**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Viacheslav Shlapatskyi, who is representing himself, files this action for copyright infringement under direct, contributory, and vicarious liability theories (Causes of Action I–III) and for failure to comply with certain safe harbor clauses of the Digital Millennium Copyright Act ("DMCA") (Causes of Action IV–V) against YOUTUBE, LLC, GOOGLE LLC, and ALPHABET INC. (together, "YouTube"), as well as several Doe Defendants. (Dkt. No. 1 ("Complaint").) Shlapatskyi seeks to proceed *in forma pauperis*. (Dkt. No. 2.) Shlapatskyi's motion for leave to proceed *in forma pauperis* is **GRANTED**.

I.     **SCREENING ORDER**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen the complaint. 28 U.S.C. § 1915(e)(2). A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the

language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See id.; see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Shlapatskyi is proceeding without representation by a lawyer, the Court must construe the complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

Liberally construing the Complaint, Shlapatskyi has pled his copyright infringement claims against YouTube. To successfully allege a copyright infringement claim, a plaintiff must plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quotation omitted). "In the absence of direct evidence of copying . . . , the plaintiff can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). The second prong also requires allegations that enough of the protected expression in the work was copied "to render the two works 'substantially similar.'" *Woodland v. Hill*, 136 F.4th 1199, 1206 (9th Cir. 2025) (quotation omitted).

Direct copyright infringement requires "active," "volitional conduct" by the defendant, and operators of "automated, user-controlled system[s]" generally do not face direct liability for user uploaded content where they did not "control," "select" or "instigate any copying" of the content. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731–32, 734 (9th Cir. 2019). Subjecting a computer system operator like YouTube to contributory liability requires a showing that "it has *actual* knowledge that *specific* infringing material is available using its system, and can take

simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Id.* at 745 (emphasis in original, quotation omitted). Finally, vicarious liability requires a showing of "(1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Id.* at 746 (quotation omitted).

Shlapatskyi has pled each element of his infringement claims. First, Shlapatskyi asserts that he "is the sole author of the musical composition and sound recording titled 'I Scream,'" which was "fixed in a tangible medium of expression on November 26, 2024," and which contains an "original" 18-note melodic sequence (the "Motif"). (Dkt. No. 1 ¶¶ 27, 31–32.) Liberally construing the Complaint, Shlapatskyi also alleges copying. Shlapatskyi alleges that he "distributed 'I Scream' worldwide through the digital distributor TuneCore on January 9, 2025," and that some of the allegedly infringing works were posted to YouTube soon after that date. (*Id.* ¶¶ 30, 58.)[1] Similarity is likewise pled, because Shlapatskyi alleges that the infringing works on YouTube contain the exact Motif from "I Scream." (*Id.* ¶¶ 31–34.) Finally, it is a close call whether Shlapatskyi has adequately pled YouTube's volitional conduct, actual knowledge, and YouTube's right and ability to supervise the infringing conduct. However, generously construing the Complaint, it alleges that YouTube chose to "restore[]" infringing content after being on notice and initially taking the content down. (Dkt. No. 1 ¶¶ 131, 137, 146.) Therefore, Shlapatskyi has plausibly pled at least some direct, contributory, and vicarious infringement by YouTube.

Service providers like YouTube may invoke safe harbor protections under the DMCA to avoid liability for infringing content hosted on their sites, so long as they have complied with the statutory requirements. *See Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 602–04 (9th Cir. 2018). However, liberally construing the Complaint and making all reasonable inferences in

---

[1] It is a close call whether access has been adequately alleged based on distribution through digital-sharing platforms under *Woodland v. Hill*, 136 F.4th 1199, 1209 (9th Cir. 2025). The upload of allegedly infringing work in close temporal proximity to the first distribution of "I Scream" does provide additional support to the Complaint's allegations of access. However, this Order is without prejudice to YouTube moving to dismiss on this ground or any other.

3

Shlapatskyi's favor, he has pled that YouTube may not be able to avail itself of the DMCA safe harbor protection with respect to at least some of his claims.  Shlapatskyi alleges, for example, that in response to one of his "complete and fully compliant DMCA [takedown] notice[s]" submitted October 27, 2025, YouTube simply "declined to remove the infringing material," asserting that it "was uploaded under a license," without providing Shlapatskyi a copy of the required counter-notification from the subscriber at issue.  (*Id.* ¶¶ 87–88.)  Generously reading the Complaint, Plaintiff has plausibly alleged that YouTube did not comply with the DMCA's requirement to "respond[] expeditiously to remove, or disable access to, the material that is claimed to be infringing."  17 U.S.C. § 512(c)(1)(C).

However, to the extent Shlapatskyi seeks to assert claims against YouTube for violation of DMCA sections 512(c) and (g) as independent causes of action absent copyright infringement, those claims fail as a matter of law.  These provisions outline steps a service provider must take to avoid liability for copyright infringement, *Ventura Content, Ltd.*, 885 F.3d at 603–04, but they do not create a cause of action or independent liability if a service provider chooses not to follow the steps as outlined.  *See*, *e.g.*, *Hopson v. Google, LLC*, No. 21-cv-320, 2023 WL 2733665, at *2 (W.D. Wis. Mar. 31, 2023).

In conclusion, Shlapatskyi has stated a claim with respect to Causes of Action I, II, and III.  Causes of Action IV and V are **DISMISSED** without leave to amend, because they fail as a matter of law for the reasons stated above.  This Order is without prejudice to YouTube moving to dismiss the action on any grounds.

## II.     SERVICE OF PROCESS

The Clerk of the Court **SHALL** issue summonses, and the United States Marshal **SHALL** serve, without prepayment of fees, a copy of the Complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order on the Defendants at the address listed in the proposed summons.  (Dkt. No. 1-2.)

It is Shlapatskyi's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of

Address." Shlapatskyi must serve all three defendants with copies of all filings he submits in this case, and file proofs of service accordingly. In order to serve his filings, Shlapatskyi may mail a true copy of any document he files in this case directly to Defendants at the address listed in the proposed summons. Once each of the three Defendants has appeared in this case through counsel, all documents that Shlapatskyi e-files using the ECF platform will be automatically served on all Defendants' counsel, and he may discontinue serving copies of the filings by mail. The Court will disregard any document that a party files but fails to serve.

**IT IS SO ORDERED.**

Dated: February 3, 2026

RITA F. LIN
United States District Judge