UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIACHESLAV OLEKSANDROVYCH
SHLAPATSKYI,

        Plaintiff,

    v.

YOUTUBE, LLC, et al.,

        Defendants.

Case No.  26-cv-00279-RFL


**ORDER GRANTING MOTION TO
DISMISS AND DENYING WITHOUT
PREJUDICE MOTIONS FOR LEAVE
TO SUBSTITUTE PHYSICAL
EXHIBITS AND TO FILE
SUPPLEMENTAL EVIDENCE**

Re: Dkt. Nos. 20, 24, 25

Plaintiff Viacheslav Shlapatskyi, who is representing himself, files this action for copyright infringement against Defendants YouTube, Google, and Alphabet, related to videos uploaded to YouTube that Plaintiff alleges infringe on his original musical composition and sound recording titled *I Scream*.  Plaintiff's Complaint was previously screened and Plaintiff was permitted to proceed on his infringement claims, without prejudice to Defendants moving to dismiss the Complaint on any grounds.  (Dkt. No. 12.)  Defendants have been served and now move to dismiss on the basis that Plaintiff has failed to plausibly allege circumstantial evidence of copying.  (Dkt. No. 20.)  Alphabet also moves to dismiss on the basis that it is a parent corporation that is not alleged to have engaged in any misconduct.  (*Id.*)  For the reasons explained below, the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiff's Motions for Leave to Substitute Exhibits and to File Supplemental Evidence (Dkt. Nos. 24, 25) are **DENIED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

1

###### A.      Defendants' Motion to Dismiss

To allege copyright infringement, a plaintiff must plead that his work was copied. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). Because most plaintiffs cannot plead copying directly, they must plead factual allegations that, if true, would show copying through circumstantial evidence. *Id.* In most cases, this is done by showing that the "defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id.* Where access is premised on a work's presence on a digital-sharing platform, plaintiffs must plausibly plead that "defendants had a reasonable chance of seeing their work." *Woodland v. Hill*, 136 F.4th 1199, 1209 (9th Cir. 2025). Because the Complaint does not allege copying directly, to state a claim Plaintiff must plead that the alleged infringers had a reasonable chance of seeing *I Scream* before they posted their content. Plaintiff fails to plausibly allege access.

As alleged in the Complaint, Plaintiff recorded *I Scream* on November 26, 2024. (Compl. ¶ 2.) The Complaint does not allege that Plaintiff distributed or otherwise shared *I Scream* with anyone at that time. Three days later, "John Doe 1 uploaded to YouTube a track titled 'joyful - chess (chess type beat)'" ("*Chess*"), which Plaintiff alleges reproduces protectable elements of *I Scream*. (*Id.* ¶¶ 51, 54.) On January 9, 2025, Plaintiff distributed *I Scream* via a streaming service called TuneCore. (*Id.* ¶ 2.) Subsequently, more works were uploaded to YouTube that allegedly reproduce protectable elements of *I Scream*. (*Id.* ¶¶ 3, 56–57.) Some of the works were uploaded by the same account that uploaded *Chess*, and had derivative names such as *chess (slowed)*, *chess (super slowed)*, and *chess (speed-up)*. (*Id.* ¶¶ 51, 56.) Others were posted by separate accounts, with titles including *Rat Dance*, *Rat Song*, *Dancing Rat*, and *Dance Rat*. (*Id.* ¶¶ 3, 164; *see also* Dkt. No. 25 at 2.)[1]

The Complaint does not allege that John Doe 1 had access to *I Scream* in any manner before the account uploaded *Chess* to YouTube. Therefore, copying is not alleged as to *Chess*. And although some of John Doe 1's later works post-date Plaintiff's alleged distribution of *I Scream*, it is not plausible that those works—which Plaintiff describes as "derivatives" of

---

[1] Citations to page numbers refer to ECF pagination.

*Chess*—were actually copying Plaintiff's independent work as opposed to *Chess*.  It is likewise not plausible that the remaining allegedly infringing works uploaded by other accounts accessed and copied *I Scream*.  First, while the Complaint is not entirely clear, it implies in several instances that all of the allegedly infringing works are derivative of *Chess*.  (*See*, *e.g.*, Compl. ¶ 160 (describing the *chess* "family of uploads"); *id.* ¶ 93 (same).)  Second, Defendants introduce a hyperlink to the *Chess* YouTube video, which indicates that the work has more than 3 million views.  (Dkt. No. 20 at 7.)[2]  The Complaint does not allege how many views *I Scream* had, though Defendants state, and Plaintiff does not dispute, that it had only 114 views.  (*Id.* at 13.)  Given all that, Plaintiff has not plausibly alleged infringers had a "reasonable chance of seeing" *I Scream*, especially in light of the more reasonable alternative explanation that the allegedly infringing works were derived from *Chess* (which was available on YouTube and became enormously popular).  *See In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.").

Plaintiff argues in his opposition brief that *I Scream* could be shared via a digital link as early as November 26, 2024, and therefore that he has alleged pre-*Chess* access.  (Dkt. No. 22 at 3.)  This allegation is not in the Complaint.  But even if it was, the mere existence of a sharable link does not come close to alleging access.  *See Woodland*, 136 F.4th at 1207 (explaining that "plaintiff may generally either provide (a) evidence of a chain of events between the plaintiff's work and defendants' access to that work or (b) evidence that the plaintiff's work has been widely disseminated" (cleaned up and citation omitted)).

---

[2] While the current number of views of *Chess* does not directly show that the work was a "viral hit" in 2025, its present popularity remains relevant to the plausibility analysis.

In an unauthorized sur-reply argument[3] within a motion for leave to file supplemental evidence, Plaintiff takes the position that the similarities between *I Scream* and *Chess* alone satisfy his burden of pleading copying.  (Dkt. No. 25 at 4.)  "If the plaintiff lacks evidence of access, then [his] claim survives only if the two works are so 'strikingly similar' as to preclude the possibility of independent creation."  *Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 962 (9th Cir. 2025) (citation omitted).  The Ninth Circuit describes this standard as a "high bar" requiring Plaintiff to plausibly allege that it is "*virtually impossible* that the two works could have been independently created."  *Id.* (emphasis in original and citation omitted).  A striking similarity may be found where complex works are "virtually identical."  *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 988 (9th Cir. 2017).  Plausibly alleging a striking similarity creates a presumption of copying that can be rebutted if, for example, "the plaintiff admits to having kept his or her creation under lock and key."  *Biani*, 153 F.4th at 963 (citation omitted).

The Complaint alleges that *I Scream* and *Chess* contain the following similar melody:

> *I Scream* (18-note melodic sequence): C4 - D#4 - F4 - G4 - G4 - F#4 - F4 - G4 - F#4 - D4 - D#4 - D4 - C4 - B3 - C4 - D4 - G3 - C4.

> *Chess* (24-note melodic sequence): F#4 - F#4 - F4 - C#4 - E4 - D4 - C#4 - C#4 - B3 - A3 – B3 - A3 - F#3 - B3 - A3 - B3 - E4 - D4 - C#4 - C#4 - B3 - A3 - B3 - C#4.

(Compl. ¶¶ 32, 51.)  The Complaint contains no other allegations of similarities between the works.  And while Plaintiff alleges that he developed and implemented various methods for analyzing the similarities between the melodies, he does not allege the results of his analysis or how they amount to a "striking similarity."  (*Id.* ¶¶ 44–50.)  The various "exhibits" referenced in the Complaint were never filed and are not before the Court.  Therefore, even if Plaintiff can allege that *I Scream* was not "under lock and key" prior to January 9, 2025, Plaintiff has not met his high bar of pleading a striking similarity.  In sum, Plaintiff has failed to plead that *I Scream* was copied by the alleged infringers, and his Complaint is therefore dismissed.

---

[3] "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval" except for limited exceptions.  N.D. Cal. Civ. Local Rule 7-3(d).  However, the Court considers Plaintiff's belated argument for completeness.

The claims against Alphabet are dismissed on the additional grounds that the Complaint does not contain any non-conclusory allegations that Alphabet engaged in any conduct or exercised any control with respect to the events alleged. (Compl. ¶¶ 18, 128, 143, 159.) "[A] parent company may not be held vicariously liable for direct infringement by its subsidiary solely by virtue of the ordinary control that any parent company may exercise over its subsidiary." *In re Google Generative AI Copyright Litig.*, 809 F. Supp. 3d 903, 918 (N.D. Cal. 2025). However, because it is not clear that amendment would be futile, dismissal as to all Defendants is with leave to amend. This Order does not reach Defendants' indefiniteness argument, which is mooted by the dismissal of the Complaint.

### B. Plaintiff's Motions

Plaintiff seeks leave to substitute certain exhibits to his Complaint—which were never filed with the Court—with electronic files. (Dkt. No. 24.) Plaintiff also seeks leave to file supplemental evidence which he argues shows that the allegedly infringing works were derived from *I Scream* and not *Chess*. (Dkt. No. 25.) Because Plaintiff's requests come after briefing on the Motion had closed, the interests of judicial efficiency are better served by permitting Plaintiff to file the referenced materials with any amended complaint. Plaintiff's motions are therefore **DENIED.** Denial is without prejudice to Plaintiff filing the referenced materials as exhibits to any amended complaint.

### C. Conclusion

For the reasons explained above, Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. If Plaintiff believes he can fix the deficiencies identified in this Order, he may file an amended complaint by **June 8, 2026**. Plaintiff may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Because an amended complaint completely replaces the previous complaint, Plaintiff must include in his amended complaint all the claims he wishes to present and all the facts he wishes to allege. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from

any prior complaint by reference.

Plaintiff has stated that he would like to file audio and video files, which cannot be uploaded to the docket.  If Plaintiff files an amended complaint that includes audio or video files, Plaintiff may contact rflcrd@cand.uscourts.gov to receive a link where he can upload the audio and video files.  Any files that are uploaded to the Court-provided link must also be served on Defendants via email or by another means agreed to by the parties.  The Court will not consider files or documents that have not been served on Defendants.

If Plaintiff does not timely submit an amended complaint, the dismissed claims will remain dismissed with prejudice and the case will be closed.

**IT IS SO ORDERED.**

Dated: May 18, 2026

RITA F. LIN
United States District Judge