UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIACHESLAV OLEKSANDROVYCH SHLAPATSKYI,<br>Plaintiff,<br>v.<br>YOUTUBE, LLC, et al.,<br>Defendants. | Case No. 26-cv-00279-RFL<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 31 |

Plaintiff Viacheslav Shlapatskyi, who is representing himself, filed this action for copyright infringement against Defendants YouTube, Google, and Alphabet, related to videos uploaded to YouTube that Plaintiff alleges infringe on his original musical composition and sound recording titled *I Scream*. On May 18, 2026, Defendants' motion to dismiss was granted because the complaint failed to plead circumstantial evidence of copying. *Shlapatskyi v. Youtube, LLC*, No. 26-cv-00279-RFL, 2026 WL 1388705, at *2 (N.D. Cal. May 18, 2026). Specifically, the complaint failed to plausibly allege that the creator of the allegedly infringing work titled *Chess* (and the authors of other, later works) accessed *I Scream*. *Id.* at *1–2. The order also found that the complaint failed to plausibly plead that *I Scream* and the alleged infringing works were so "strikingly similar" that access could be presumed. *Id.* at *2. Shlapatskyi was granted leave to amend to cure the deficiencies identified in dismissal order, and filed a First Amended Complaint. (Dkt. No. 30 ("FAC").) Defendants again move to dismiss for failure to state a claim. (Dkt. No. 31.) Defendants' Motion to Dismiss is **GRANTED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

The FAC does not cure the deficiencies described in the prior order. As to access, the new allegation that Shlapatskyi "generated an online pre-release shareable link" on November 26, 2024, rendering *I Scream* "capable of controlled pre-release access beginning" on that date does not even plausibly suggest that the creator of *Chess* could have accessed *I Scream*, much less that he or she did access it. (FAC ¶ 2.) As alleged, the link was share*able*, not shared, and access remained controlled (presumably by Shlapatskyi). With respect to later works uploaded to YouTube by other accounts, Shlapatskyi likewise does not allege facts that would plausibly give rise to a "reasonable chance" that the authors of the alleged infringing works would have come across his work uploaded to TuneCore. *Woodland v. Hill*, 136 F.4th 1199, 1209 (9th Cir. 2025). Therefore, the new allegations in the FAC do not plausibly plead access.

As to striking similarity, while the FAC contains extensive allegations about Shlapatskyi's analysis of his work and the allegedly infringing works (FAC ¶¶ 45–54), it also acknowledges that only 9 of the 18 notes are "aligned" across the short 9.67 second span of music he compared. (*Id.* ¶¶ 15, 38–40.) Thus, while the factual allegations in the FAC suggest similarities between the two works, they also suggest that there are too many differences, in a very short composition, to plausibly plead that it is "virtually impossible that the two works could have been independently created." *Shlapatskyi*, 2026 WL 1388705, at *2 (citing *Biani v. Showtime Networks*, Inc., 153 F.4th 957, 962–63 (9th Cir. 2025)). Therefore, the FAC does not plausibly plead access and copying via the striking similarities theory either, and the FAC must be dismissed.

For the reasons explained above, the Motion to Dismiss is **GRANTED**. Because the Court finds that further amendment would be futile, dismissal is without leave to amend, and with prejudice.

**IT IS SO ORDERED.**

Dated: July 30, 2026

RITA F. LIN
United States District Judge